■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLINE BROWN, Appellant.— Judgment of the Supreme Court, Kings County, rendered November 14, 1966, affirmed. Appellant was convicted of grand larceny in the first degree arising out of a confidence scheme. She was indicted and tried jointly with her accomplice. After the jury had been selected and sworn, the opening statement was made by the prosecution and the first People's witness, a bank clerk, testified concerning the record of the complainant's savings account. Then counsel for appellant moved for a mistrial and a severance. The reason given was that appellant desired to call her codefendant Owens as a defense witness and it was clear that he would plead the Fifth Amendment. The motion was denied. The People then concluded its case and appellant again moved for the same relief. The same ruling followed. Her counsel thereupon called Owens to testify. His counsel then moved for a mistrial, claiming prejudice, and this

motion was denied on the ground that appellant had the right to call any witness. Owens, in accordance with the court's order, took the witness stand before the jury and was asked three questions about his acquaintance with appellant. Each time he declined to answer, asserting his Fifth Amendment privilege. Thereupon he was excused. The trial continued and resulted in the conviction of both defendants. Each took an appeal. That of Owens, the first to be submitted and decided, resulted in an order of reversal and directing a new trial, upon the ground that under the circumstances it was a prejudicial violation of Owens' constitutional privilege against self incrimination for the trial court to permit his codefendant, over objection, to call Owens to the stand and compel him to claim his privilege before the jury (*People* v. *Owens*, 28 A D 2d 914, affd. 22 N Y 2d 93). Such issue is not present on the instant appeal. In view of the ample opportunity the complainant had to observe the swindlers in broad daylight, and on the whole record, it is our opinion that the positive identification of appellant by the complainant was sufficient to warrant the jury's finding that appellant was guilty beyond a reasonable doubt (*People* v. *Spinello*, 303 N. Y. 193; *People* v. *Seppi*, 221 N. Y. 62; *People* v. *Festa*, 9 A D 2d 556; cf. *People* v. *Brown*, 20 N Y 2d 238; *People* v. *Geralds*, 29 A D 2d 984). The prosecutor in his opening statement, complainant being among those present, referred to defendants as "these two defendants". No protest with respect thereto was noted on the record by counsel. Assuming that under some circumstances such casual reference might be suggestive, in the case at bar the subsequent in-court identification by the complainant could not have been tainted thereby in view of her positive identification at the lineup (see *United States* v. *Wade*, 388 U. S. 218, 229). Appellant made no showing of reasonable need for Owens' testimony (cf. *United States* v. *Gleason*, 259 F. Supp. 282) and she did not move for a severance in advance of trial, although she then knew or should have known of her intention to call Owens as a witness. In the circumstances, the denial of her motion for a mistrial and a severance was well within the bounds of discretion (*People* v. *Owens*, 22 N Y 2d 93, 98, *supra*). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.